*485 OPINION.
Littleton :
The evidence upon which petitioner relies to show that the deficiency is barred is that the return of the petitioner and the return of the Atlantic Canning Co. were prepared and executed on the same day by the same persons, and were mailed at the same time in separate envelopes, and it is contended that inasmuch as the return of the Atlantic Canning Co. shows by the collector’s stamp that it was received by him on July 15, 1919, that the petitioner’s return must also have been received on July 15. The Commissioner has determined that the petitioner’s return was filed on July 18, and the petitioner’s evidence does not overcome that determination. The petitioner presented these returns in evidence and the facts disclosed by the evidence support the Commissioner’s determination rather than show that it was erroneous.
The presumption that a letter placed in the mails will reach its destination in due course, Dunlop v. United States, 165 U. S. 486; *486 Schutz v. Jordan, 141 U. S. 213; Rosenthal v. Walker, 111 U. S. 185; Lawrence v. Ham, 19 Fed. (2d) 643, will not be indulged in when, as here, the evidence is to the contrary. J. Friedman & Co. et al., 16 B. T. A. 1119, promulgated June 24, 1929. The presumption is that the Commissioner’s determination is correct and his determination can not be overcome by another presumption which must itself be based upon still another presumption that the collector of internal revenue received the return three days before his record shows that he received it.
It is our opinion that the deficiency is not barred.
Reviewed by the Board.

Judgment will be entered for the respondent.